**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **Eddy Bui, Tina Bui, and** | § | |
| **Eddy's Farm, LLC,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 6:20-cv-71** |
| | § | |
| **Chandler Companies, LLC and Joe Olivieri,** | § | |
| *Defendants.* | § | |
| | § | |

---

## NOTICE OF REMOVAL

---

COMES NOW Defendant Chandler Companies, LLC, pursuant to the provisions of 28 U.S.C. §§ 1332 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12, and hereby gives notice of the removal of this action from the District Court for the 20th Judicial District of Texas, Milam County, to the United States District Court for the Western District of Texas, Waco Division. In support of this Notice of Removal, Chandler states as follows:

### I.    Introduction

1.    This case relates to three contracts for roofing services at three large chicken farms owned or operated by Plaintiffs.[1]

2.    Plaintiffs signed the contracts and now refuse to permit Chandler to do the work and refuse to pay Chandler the cash-out option.

3.    Plaintiffs Eddy Bui and Tina Bui commenced an action on this dispute by filing an Original Petition in the District Court for the 20th Judicial District of Texas, Milam County,

---

[1] The three contracts are individually referred to herein as the "Caldwell," "Old Gause," and "New Gause" contracts. Collectively, they are referred to herein as the "Contracts."

under Cause No. CV39857, on or about October 31, 2019. A true and correct copy of the Original Petition in Cause No. CV39857 is attached hereto as **Exhibit A**.

4.      By filing an Amended Original Petition in the same cause on November 12, 2019, Eddy's Farm, LLC became a Plaintiff. A true and correct copy of the Amended Original Petition in Cause No. CV39857 Complaint is attached hereto as **Exhibit B**.

5.      Defendant Chandler invoked this Court's diversity jurisdiction, and that case was docketed under No. 6:19-cv-00717-ADA-JCM in this Court.

6.      Plaintiffs then dismissed their claims without prejudice on January 6, 2020.

7.      That same day, Plaintiffs re-filed the same claims against Chandler in Milam County, Texas district court. This second case was docketed under Cause No. CV39946 in the District Court for the 20th District of Texas, Milam County ("Second Case"). A true and correct copy of the Original Petition (the "Complaint") in the Second Case is attached hereto as **Exhibit C**.

8.      In an attempt to defeat this Court's diversity jurisdiction, Plaintiffs improperly joined Joe Olivieri in the Second Case.

9.      Plaintiffs' Complaint asserts five counts against Chandler and Olivieri: declaratory relief, fraud in the inducement, negligent misrepresentation, fraud by omission, and violations of the Texas Deceptive Trade Practices Act. Complaint ¶¶ 12–15.

10.     Defendant Chandler invokes this Court's diversity jurisdiction.

11.     All of the records from the state docket, Cause No. CV39946, in the 20th District Court of Milam County, Texas, have been attached to this Notice of Removal. A true and correct copy of the state-court case record is attached hereto as **Exhibits C and D.**

2

**II.      The Court has diversity jurisdiction over this action.**

12.      The Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended,

which provides that "[t]he district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs,

and is between (1) citizens of different States."

> ***A.      Plaintiffs and Chandler are diverse.***

13.      On information and belief, both Eddy Bui and Tina Bui are citizens of Texas

based on their domicile, as they reside in Texas.[2]

14.      On information and belief, Eddy's Farm, LLC is a Texas limited liability

company with its principal place of business in Texas.[3] For the purpose of diversity jurisdiction,

LLCs are citizens of every state of which its members are citizens.[4] On information and belief,

all members of Eddy's Farm, LLC are citizens of Texas.

15.      Chandler Companies, LLC, is a Minnesota limited liability company with its

principal place of business in Colorado. All of Chandler's members are citizens of Minnesota.

> ***B.      Because he was improperly joined, Joe Olivieri's joinder does not defeat this
> Court's diversity jurisdiction.***

---

[2] Complaint at ¶1; *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 (1989).

[3] All of the Public Information Reports filed by Eddy's Farm, LLC indicate that the single member of Eddy's Farm, LLC is a citizen of Texas.

[4] *Winsauer v. UBS Securities, LLC*, No. A-06-ca-98, 2006 WL 8432655, at *2 (W.D. Tex. June 5, 2006); *see also Johnson v. Columbia Prop. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827,828–29 (9th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs, Ltd. P'ship*, 213 F.3d 48, 51–2 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 1509 F.3d, 729, 731 (7th Cir. 1998).

16.    The procedural history of this dispute suggests that Joe Olivieri was joined for the improper purpose of defeating diversity jurisdiction.

17.    Plaintiffs' Complaint fails to state a claim for relief on which relief may be granted against Joe Olivieri. [5]

18.    Federal, not state, pleading standards apply when determining a claim against a nondiverse defendant.[6]

19.    Federal courts resolve the question of whether a plaintiff has improperly joined a nondiverse defendant by applying a Rule 12(b)(6)-type analysis.[7] A plaintiff has improperly joined a nondiverse defendant when there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a nondiverse defendant.[8]

20.    A Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twomly*: "To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face."[9]

### 1.    Plaintiffs have not stated a declaratory relief claim against Joe Olivieri.

21.    Plaintiffs' claim for declaratory relief seeks a declaration that the Contracts are void, the Cash-Out provision is unenforceable, the Contracts are unconscionable, and the Contracts are not enforceable against Eddy's Farm or Tina Bui.[10]

---

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[7] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[8] *Id.*

[9] *Int'l Energy Ventures*, 818 F.3d at 200.

[10] Complaint at ¶12.

22.     The Contracts are between Eddy's Farm and Chandler. **Exhibits E, F, & G.**
Under the Contracts, only Chandler was going to perform the work to repair the damage to
Eddy's Farm.[11] Plaintiffs never allege that Contracts existed between Plaintiffs and Joe Olivieri.

23.     Plaintiffs' declaratory judgment claim therefore does not state a claim for relief
against Joe Olivieri.[12]

> **2.     Plaintiffs' fraud in the inducement claim does not state a claim
> for relief against Joe Olivieri.**

24.     The only allegation that might support Plaintiffs' allegation of fraud in the
inducement is that Mr. Olivieri allegedly said that Chandler's work would be "first rate and
competitive."[13]

25.     Fraud in the inducement, at a minimum, requires a plaintiff to establish the
elements of fraud as they relate to an agreement between the parties.[14] Fraud requires a material
misrepresentation of fact. Claiming that something is "superb," "first rate," or "competitive" is
mere puffery, cannot constitute fraud.[15]

26.     Further, Plaintiffs' allegations of fraud in the inducement are conclusory.
Plaintiffs merely allege that "Defendants' [unspecified] conduct constitutes fraud in the

---

[11] Complaint at ¶8.

[12] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208
(5th Cir. 2016); *B&W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st
Dist] 2009, pet. denied).

[13] Complaint at ¶¶7–8.

[14] *Haase v. Glazner*, 62 S.W.2d 795, 798–99 (Tex. 2001).

[15] *Prudential Ins. Co. of Am. V. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995).

inducement . . . as [that] term [is] understood in Texas."[16] This conclusory pleading falls far short of the heightened pleading standard for fraud.[17]

27.     Plaintiffs must, but have not, plead the time, place, or contents of any misrepresentation sufficient to support a claim for fraud in the inducement.[18] To plead with sufficient particularity under Rule 9(b), a plaintiff must specifically claim "the who, what, when, where, and how" of the alleged wrongdoing.[19]

28.     Because the Complaint fails to meet the applicable heightened pleading standard, Plaintiffs have not stated a claim for fraud in the inducement against Joe Olivieri.[20]

**3.     Plaintiffs have not stated a claim for relief against Joe Olivieiri for negligent misrepresentation.**

29.     Plaintiffs have not pleaded any facts supporting their negligent misrepresentation claim other than those that might support their claim for fraud in the inducement. When a negligent misrepresentation claim is based on the same set of facts as a fraud claim, Rule 9(b) applies.[21]

30.     Plaintiffs allegations are so conclusory that they fail even to recite the elements of a negligent misrepresentation claim, much less plead the time, place, contents, or audience of any

---

[16] Complaint at ¶13.

[17] Fed. R. Civ. P. 9(b).

[18] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

[19] *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. V. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

[20] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208.

[21] *Benchmark Electronics Capital Corp. v. J.M. Huber Corp.*, 343 F.3d 713, 723 (5th Cir. 2003).

actionable misrepresentation.[22] Accordingly, Plaintiffs have failed to state a negligent misrepresentation claim against Joe Olivieri.

### 4. Plaintiffs have not stated a claim for fraud by omission against Joe Olivieri.

31.     Fraud-by-omission claims must meet the heightened pleading standard of Rule 9(b) because they are a subcategory of fraud claims.[23]

32.     A party cannot be liable for omitting to disclose unless there is a duty to disclose. No duty to disclose arises without evidence of a confidential or fiduciary relationship.[24]

33.     Plaintiffs have not alleged that a confidential or fiduciary relationship existed between any one or more Plaintiffs and Mr. Olivieri. Plaintiffs have not pleaded facts that support the existence of a confidential or fiduciary relationship between any one or more of them and Mr. Olivieri. Plaintiffs have not specified an alleged partial truth constituted a material misrepresentation of fact that they justifiably relied on, how or why it was false when made, when, or where it was made. Plaintiffs have not specified what Mr. Olivieri should have, but did not, disclose. Plaintiffs have not alleged what "relationship" existed between C3, the public adjuster, and Chandler, or how that alleged "relationship" is improper or illegal. Plaintiffs have not alleged any damage flowing from the alleged relationship between the public adjuster and Chandler. Plaintiffs have not alleged that they were justified or how they were justified in allegedly relying on any one or more misrepresentations.

34.     While Plaintiffs have alleged that Mr. Olivieri did not disclose to Eddy Bui that Chandler's "bid to repair the property would be based on the amount of the insurance payment

---

[22] *Tel-Phonic Servs., Inc.*, 975 F.2d at 1139.

[23] *Myre v. Meletio*, 307

[24] *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998).

rather than the value of work," this allegation is insufficient to make relief plausible under Rule 9(b).[25] The contracts themselves conclusively refute this allegation on their respective first pages, which read:

> Chandler will accept as full payment for the Work, the insurance approved proceeds with no additional costs to [Eddy's Farm] except [its] deductible. **Exhibits E, F, & G at 1.**

35.     Plaintiffs have not stated a claim for fraud by omission against Joe Olivieri.

### 5.     Plaintiffs have not stated a claim for violations of the Deceptive Trade Practices Act against Joe Olivieri.

36.     To draw a well-pleaded complaint, a plaintiff must always do more than merely parrot the language of a statue or formulaically recite the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

37.     Here, however, Rule 9(b)'s heightened pleading standard applies because Plaintiffs' relies on fraud-based claims to allege violations of the Deceptive Trade Practices Act.[26]

38.     Plaintiffs have failed to meet the well-pleaded complaint rule, so they haven't met the particularity standard of Rule 9(b) either.

39.     Plaintiffs have not stated a claim for relief under the DTPA against Mr. Olivieri.

---

[25] Plaintiffs cannot prevent a court from looking at the texts of documents on which its claim is based by failing to attach or explicitly cite them. *In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3d Cir. 1997). Courts may routinely consider not just documents named in Plaintiffs' complaint, but even documents that, if not named, are "pertinent," "central" or "integral to [Plaintiffs'] claim. *Bryant v. Avado Brands*, 187 F.3d 1271, 1281 (11th Cir. 1999). Documents that a defendant attached are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to plaintiffs' colaim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

[26] *SND Trucking & Roustabout, LLC v. Diesel Machine Works, LLC*, 2016 WL 11587416 (W.D. Tex. 2016); *Ranzy v. Extra Cash of Texas, Inc.*, No. H-09-3334, 2011 WL 6719881, at *5 (S.D. Tex. Dec. 21, 2011).

C.      *The amount in controversy exceeds $75,000.*

      1.      **The amount in controversy on Plaintiffs' declaratory relief claim exceeds $75,000.**

40.     Plaintiffs' Complaint prays for declaratory judgment that the Contracts are void.

41.     In a declaratory judgment action, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented.[27]

42.     The amount due to Chandler under the Caldwell contract is $1,120,845.00**. Exhibit E.**

43.     The value of the 22% cash-out option on the Calwell contract is $268,028.29. *See* **Exhibit E.**

44.     The value of the Old Gause contract is $770,707.91. **Exhibit F.**

45.     The value of the 22% cash-out option on the Old Gause contract is $169,555.74. *See* **Exhibit F.**

46.     The value of the New Gause contract is $843,234.04. **Exhibit G.**

47.     The value of the 22% cash-out option on the New Gause contract is $185,511.49. *See* **Exhibit G.**

48.     By addition, the total value of the Contracts is $2,832,252.36.

49.     By addition, the total value of the 22% cash-out option on the Contracts is $623,095.52.

50.     Therefore, the amount in controversy on Plaintiffs' claim for declaratory relief exceeds $75,000.

---

[27] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

**2.      The amount in controversy on Plaintiffs' fraud in the inducement, negligent misrepresentation, and fraud by omission claims exceeds $75,000.**

51.     By way of their conclusory claims for fraud in the inducement, negligent misrepresentation, and fraud by omission, Plaintiffs appear to seek a declaration that the contracts are "void, unenforceable, and unconscionable." Complaint (Prayer).

52.     As indicated above in paragraphs 42 through 49, which are incorporated by reference herein, the value of each of the contracts at issue exceeds $75,000.

53.     As further indicated above in paragraphs 42 through 50, which are incorporated by reference herein, the value of the 22% cash-out option also exceeds $75,000 for each of the three contracts at issue.

54.     Plaintiffs also seek rescission of these contracts. As indicated in paragraphs 42 through 50 above, the value of the contracts, and the value of the 22% cash-out option for each contract exceeds $75,000.

55.     Plaintiffs also seek compensation for loss of use of the contract amounts during the pendency of the lawsuit they filed. Complaint at ¶13.

56.     Prejudgment interest is compensation for the loss of use of money. *West Virginia v. United States*, 479 U.S. 305, 310 (1987).

57.     A federal court sitting in diversity awards prejudgment interest according to state law. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993).

58.     The current prejudgment interest rate in Texas is 5%. TEX. FINANCE CODE §§ 304.103, 304.004.[28]

59.     Plaintiffs complain about the loss of use of more than $2.5 million.

---

[28] *See also* https://occc.texas.gov/publications/interest-rates.

10

60.     Damages for the loss of use of money of which Plaintiffs complain will easily exceed $75,000 in mere months.

61.     Therefore, the amount in controversy on Plaintiffs' claims for fraud in the inducement, negligent misrepresentation, and fraud by omission exceeds $75,000, and the Court has diversity jurisdiction over these claims.

### D.     The amount in controversy on Plaintiffs' DTPA claim exceeds $75,000.

62.     Plaintiffs' DTPA claim seeks a declaration that the Contracts are void. Complaint at ¶14.

63.     As indicated above in paragraphs 42 through 49, which are incorporated by reference herein, the value of each of the contracts at issue exceeds $75,000.

64.     As indicated above in paragraphs 42 through 49, which are incorporated by reference herein, the value of the 22% cash-out option also exceeds $75,000 for each of the three contracts at issue.

## III.     ADOPTION AND RESERVATION OF DEFENSES

65.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Chandler's rights to assert any defense or affirmative matter, including, but not limited to, (1) insufficiency of process; (2) insufficiency of service of process; (3) improper joinder of claims and/or parties; (4) failure to state a claim; (5) failure to join indispensable parties; or (6) any other defense available under Federal Rule of Civil Procedure 12 or the Texas Rules of Civil Procedure, state or federal law, or otherwise.

## IV.     THIS REMOVAL IS TIMELY

66.     Plaintiffs have not served Chandler with process, so this removal is timely. 28 U.S.C. § 1446(b).

**V.     ADDITIONAL PROCEDURAL REQUIREMENTS**

67.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

68.     True and correct copies of "all process, pleadings, and orders" from the state court are filed herewith pursuant to 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served on Chandler to date in this case.

69.     Chandler has not heretofore sought similar relief in this case.

70.     Venue is proper in this district under 28 U.S.C. § 1446(d) because the United States District Court for the Western District of Texas, Waco Division is the court embracing the state court where this action was pending.

71.     Chandler has provided written notice of the filing of this Notice of Removal to all parties in this action and is filing a copy of this Notice of Removal with the clerk of the state court where the action is pending pursuant to 28 U.S.C. § 1446(d).

72.     All properly joined defendants have consented to the removal of this action.

73.     Chandler reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

WHEREFORE, PREMISES CONSIDERED, Chandler Companies, LLC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court for the 20th Judicial District of Texas, Milam County, to the United States District Court for the Western District of Texas, Waco Division.

Date: January 30, 2020

Respectfully submitted,

**HUSCH BLACKWELL LLP**

/s/ Nicholas D. Stepp
_____
Nicholas D. Stepp
Texas Bar No. 24077701
600 Travis Street, Suite 2350
Houston, Texas 77002
Tel: (713) 647-6800
Fax: (713) 647-6884
nick.stepp@huschblackwell.com
*Counsel for Defendant Chandler*
*Companies, LLC*

**Of Counsel:**
Jeff Nobles
Texas Bar No. 15053050
HUSCH BLACKWELL LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
Tel: (713) 647-6800
Fax: (713) 647-6884

13

## CERTIFICATE OF SERVICE

I certify that I have served the counsel indicated below via the CM/ECF system, e-mail, and/or fax on this, the 30th day of January, 2020.

Mel Smith
Law Offices of Mel Smith, Esq.
5315-B Cypress Creek Parkway, #125
Houston, Texas 77069
Tel: 281-893-4284
mel@mlsesq.com

Mark Humble
203 N. Houston Ave.
Cameron, Texas 76520
Tel: 254-697-3454
Fax: 254-697-4928

/s/ Nicholas D. Stepp
Nicholas D. Stepp