# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **EDDY BUI, TINA BUI, EDDY'S FARM, LLC,** | § § § | |
| *Plaintiffs,* | § | CIVIL NO. 6-20-CV-00071-ADA |
| v. | § § | |
| **CHANDLER COMPANIES, LLC, JOE OLIVIERI,** | § § § | |
| *Defendants.* | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiffs Eddy Bui, Tina Bui, and Eddy's Farm, LLC's ("Defendants") Motion to Remand the above-entitled cause to state court. After careful consideration of the Motion, Response, and Reply, the Court, for the reasons that follow, **DENIES** the Motion.

### I. BACKGROUND

This case relates to three contracts for roofing services at three large chicken farms owned or operated by Plaintiffs. In April 2019, Plaintiffs were allegedly approached by Defendant Joe Olivieria, who informed Plaintiffs that he represented Defendant Chandler Companies, LLC ("Chandler"). Mot. at 1. According to Plaintiffs, Mr. Olivieri "tricked Plaintiffs into signing the contracts for roofing services," either acting on his own behalf or Chandler Companies, LLC. *Id.*

Plaintiffs now refuse to allow Chandler to perform the work and refuse to pay Chandler the cash-out option described in the contracts. Mot. at 2. Plaintiffs first filed suit against Chandler in Texas state court on or about October 31, 2019. *Id.* However, after Chandler

removed the case to this Court, Plaintiffs dismissed their claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(a). *Id.* On the same day, Plaintiffs refiled their case in state court, only this time adding Defendant Olivieria. *Id.* Defendants timely removed the action to this Court claiming diversity of citizenship and arguing that Defendant Olivieria was improperly joined.

Plaintiffs filed the Motion on February 27, 2020. ECF No. 3. Defendants filed a Response on March 5, 2020, arguing Defendant Olivieria was improperly joined in order to defeat diversity of citizenship jurisdiction, as he is a resident of Texas (as are all Plaintiffs). ECF No. 5. Plaintiff filed a very brief Reply on March 13, 2020. ECF No. 6.

## II. LEGAL STANDARD

A defendant is only permitted to remove an action brought in state court to the district court of the United States if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441. Original jurisdiction is measured at the time of removal and the burden rests on the defendant to prove its existence. *Smallwood v. Illinois Cen. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Section 1441(b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (emphasis added). To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Smallwood*, 385 F.3d at 572. Relatedly, a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction. *Id.* (citing 28 U.S.C. § 1359).

The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 574. Here, only the second way is before the Court. The Fifth Circuit has explained that the test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

There are two ways for a district court to determine whether a plaintiff has a reasonable basis for recovery under state law. The first, which is at issue here, is to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. Thus, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.*

"It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

### III. ANALYSIS

Plaintiff argues that the Court lacks subject matter jurisdiction to hear this case because there is not complete diversity among the parties. As an initial matter, the Parties do not dispute that Plaintiffs are citizens of Texas. Nor do they dispute that Chandler Companies, LLC, for diversity purposes, is a citizen of Minnesota. Moreover, the Parties agree that the amount in

3

controversy exceeds $75,000.00. Thus, the only issue for the Court to resolve is whether Defendant Joe Olivieri (a citizen of Texas) was fraudulently joined by Plaintiffs. The Court agrees with Defendants that Joe Olivieri was fraudulently joined to defeat diversity jurisdiction.

### A. Removal jurisdiction is determined based on the four corners of Plaintiffs' state-court complaint, not the affidavit Plaintiffs attempt to insert.

Plaintiffs attempt to utilize the affidavit of Eddy Bui, one of the named plaintiffs in the case, as support for their argument that the Court lacks subject matter jurisdiction and that Joe Olivieri was not fraudulently joined. Mot. at 7. Defendants argue that the affidavit does not support remand for three reasons: (1) plaintiffs cannot expand their state-court complaint by affidavit to defeat removal based on improper joinder; (2) the affidavit is legally insufficient; and (3) even if the Court considers the affidavit, it does not allege facts sufficient to state a claim. Def.s' Resp., ECF No. 5 at 3. Because Defendants first argument is dispositive, the Court need not address Defendants remaining contentions.

Jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction. *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (stating when a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint *at the time the petition for removal is filed*). Thus, Plaintiffs cannot defeat Chandler's proper removal based on improper joinder by attempting to expand their state-court complaint through their subsequently filed affidavit. *Id.; Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 586, 592 (5th Cir. 2015) (finding the district court was correct in deciding not to review plaintiffs' affidavits filed to support their argument against fraudulent joinder).

### B. Plaintiffs have failed to state a claim for relief against Defendant Joe Olivieri

In their state-court petition, Plaintiffs alleged five causes of action against Defendant Olivieri, which include: (1) declaratory relief; (2) fraud in the inducement; (3) negligent misrepresentation; (4) fraud by omission; and (5) violations of the Texas Deceptive Trade Practices Act ("DTPA"). Mot. at 6. The Court will address whether each cause of action survives the 12(b)(6) analysis in turn.[1]

*(1) Plaintiffs have not stated a declaratory relief claim against Joe Olivieri*

Plaintiffs' claim for declaratory relief seeks a declaration that the Contracts are void, the Cash-out provision is unenforceable, the Contracts are unconscionable, and the Contracts are not enforceable against Eddy's Farm or Tina Bui. Compl. at ¶ 12., ECF No. 1–3.

The Contracts are between Eddy's Farm and Chandler. *See* Ex. E, F, G, ECF No. 1-3. Moreover, Plaintiff alleges that Chandler was going to perform the work to repair the damage to Eddy's Farm, and the cash-out option to which Plaintiffs agreed requires Plaintiffs to pay Chandler–not Joe Olivieri. *See* Compl. at ¶¶ 8–9. Thus, Plaintiffs simply do not allege that contracts existed between Plaintiffs and Joe Olivieri, nor did they point to any agreement that obligated Joe Olivieri to perform. Therefore, Plaintiffs have not stated a breach-of-contract claim against Joe Olivieri.

*(2) Plaintiffs' fraud in the inducement claim does not state a claim for relief against Joe Olivieri*

Plaintiffs state court petition merely alleges that "Defendants conduct constitutes fraud in the inducement . . . as [that] term [is] understood in Texas." Compl. at ¶ 13. Defendants argue

---

[1] Additionally, Plaintiffs assert that the correct pleading standard is that of Texas state court, citing Texas Rule of Civil Procedure 45, which only requires "a short plain statement." Pl.s' Reply at 1. However, as previously discussed, Plaintiffs are incorrect that the Texas pleading standard applies to an action removed to federal court. *See Smallwood*, 385 F.3d at 573; *Int'l Energy Ventures Mgmt*, 818 F.3d at 200. Moreover, Plaintiffs contention that "[i]f Defendants need more detail, they can file special exceptions in the state court," is wholly irrelevant to the issues presented to the Court.

Plaintiffs do not state a fraudulent inducement claim against Joe Olivieri for three reasons. Resp. at 5. The Court agrees.

First, Defendants argue Plaintiffs have not met the heightened pleading standard of Rule 9(b). In order to plead with sufficient particularity under Rule 9(b), a plaintiff must specifically claim "the who, what, when, where, and how" of the alleged wrongdoing. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). Here, Plaintiffs have not pleaded the time, place, or contents of any misrepresentation sufficient to support a claim for fraud in the inducement. *See Compl.*; *Tel-phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (holding that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.") (internal citations omitted). Because Plaintiffs conclusory pleading does not meet the requirements of Rule 9(b), Plaintiffs have not stated a claim for fraudulent inducement. *See* Fed. R. Civ. P. 9(b).

Second, after thoroughly searching Plaintiffs complaint, the only allegation that might support Plaintiffs' allegation of fraud in the inducement is that Joe Olivieri allegedly said that Chandler's work would be "first rate and competitive." Compl. at ¶¶ 7–8. Because fraud requires a material misrepresentation of fact, Plaintiff must allege sufficient facts that demonstrate such a material misrepresentation. They fail do so.

Claiming that a service is "first rate" or "competitive" is considered mere sales "puffery," which cannot constitute fraud. *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995) (holding that the statements "superb," "super fine," and "one of the finest little properties in the City of Austin" concerning a building were mere puffery and could not constitute fraud). Because Plaintiffs complaint is completely devoid of any facts that could

constitute fraud, Plaintiffs have not pled with sufficient particularity any material misrepresentation to support their claim against Joe Olivieri.

Finally, Plaintiffs point to Mr. Bui's Affidavit as support for their fraud claims. As previously discussed, the Court will not consider the affidavit of Mr. Bui. However, even assuming the affidavit is properly considered at this stage, the affidavit still does not provide sufficient facts to meet the pleading standard in Rule 9(b). As Defendants point out, although the Affidavit does allege a time and place (Mr. Bui's home and April 2019), the Affidavit does not allege that Joe Olivieri made any misrepresentation of material fact. Because Plaintiffs failed to allege any facts concerning this element, Plaintiffs have not sufficiently pleaded a fraud in the inducement claim against Joe Olivieri.

*(3) Plaintiffs have not stated a claim for relief against Joe Olivier for negligent misrepresentation*

Plaintiffs negligent misrepresentation claim fails for the same reason previously discussed. The entirety of Plaintiffs' negligent misrepresentation claim is:

> Defendants' conduct constitutes fraud in the inducement, fraud by omission and negligent misrepresentation, as those terms are understood in Texas. Plaintiffs seek recovery of [their] damages for the loss of use of funds while this dispute is being heard by this Court. Compl. at ¶ 13.

"Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when parties have not urged a separate focus on the negligent misrepresentation claims." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Because Plaintiffs do not "urge a separate focus" on their negligent misrepresentation claim, the heightened pleading requirement of Rule 9(b) applies.

7

In this case, Plaintiffs conclusory allegations fail to recite the elements of a negligent misrepresentation claim, much less plead the time, place, contents, or audience of any actionable misrepresentation, as required by Rule 9(b). Therefore, because Plaintiffs have not pleaded any facts supporting their negligent misrepresentation claim, other than those that might support their claim for fraud, the Court finds Plaintiffs have failed to state a claim against Joe Olivieri for negligent misrepresentation. *See Benchmark Elect.*, 343 F.3d at 723.

*(4) Plaintiffs have not stated a claim for fraud by omission against Joe Olivieri*

Plaintiffs claim for fraud by omission similarly fails against Joe Olivieri because fraud-by-omission claims must meet the heightened pleading standard of Rule 9(b). *Myre v. Meletio*, 307 S.W.3d 839, 843 (Tex. App.—Dallas 2010, pet. denied) (holding that fraud by omission is a subcategory of fraud because the omission or non-disclosure may be as misleading as a positive misrepresentation of fact where a party has a duty to disclose). Because the entirety of Plaintiffs' fraud by omission claim is contained in the same sentence as Plaintiffs' fraudulent inducement and negligent misrepresentation claims, Plaintiffs have failed to provide sufficient facts to meet the heightened pleading requirements of Rule 9(b).

Moreover, Plaintiffs failed to plead that Joe Olivieri had a duty to disclose. Under Texas law, a party cannot be liable for failing to disclose unless there is a duty to disclose. *Myre*, 307 S.W.3d at 843. No duty to disclose arises without evidence of a confidential or fiduciary relationship. *Id.* In this case, Plaintiffs have not alleged a confidential or fiduciary relationship that would give rise to a duty to disclose by Joe

Olivieri. Therefore, Plaintiffs have failed to adequately plead their fraud by omission cause of action against Mr. Olivieri.

*(5) Plaintiffs have not stated a claim for violations of the DTPA against Joe Olivieri*

Plaintiffs have not stated a claim for violations of the DTPA against Joe Olivieri for at least two reasons. First, Plaintiffs' DTPA claim alleges only that Defendants "have violated the DTPA by," and quotes certain statutory language. Compl. at ¶ 15. Plaintiffs do not provide any facts to support the DTPA violations they allege Mr. Olivieri violated. Thus, Plaintiffs mere formulaic recitation of the DTPA statutory language does not meet the pleading requirement dictated in *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 555 (2007) (pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice).

Second, because Plaintiffs rely on fraud-based allegations for their DTPA claims, Rule 9(b)'s heightened pleading standard applies. *SND Trucking & Roustabout, LLC v. Diesel Machine Works, LLC*, 2016 WL 11587416, at *3 (W.D. Tex. 2016) (stating that claims alleging violations of the DTPA are subject to the pleading requirements of Rule 9(b); *Ranzy v. Extra Cash of Texas, Inc.*, No. H-09-3334, 2011 WL 6719881, at *5 (S.D. Tex. 2011) (identifying courts that have applied Rule 9(b)'s heightened specificity requirements to claims under the DTPA as long as the underlying claims involved fraud). In this case, Plaintiffs have not included or incorporated factual allegations in their DTPA claim. Nor have Plaintiffs alleged any factual basis for any of the elements necessary to support their DTPA claims. Specifically, "Plaintiffs have not identified what information should have been disclosed, by whom, when, or where, what false impression the alleged failure to disclose allegedly created, or how that alleged false impression caused

Plaintiffs to enter into a transaction they otherwise would not have entered." Resp. at 10–11. In short, Plaintiffs have not satisfied the plausibility requirement articulated in *Twombly*, let alone the heightened standard of Rule 9(b).

## IV. CONCLUSION

The Court finds that nondiverse Defendant Joe Olivieri was fraudulently joined and therefore, that his citizenship should not be considered for the purpose of diversity of citizenship jurisdiction analysis under 28 U.S.C. § 1332. The Court additionally finds that as the statutory requisites for jurisdiction are satisfied, the Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Therefore, Plaintiffs' Motion to Remand (ECF No. 3) is **DENIED**.

Based on the foregoing, **IT IS FURTHER ORDERED** that Defendant Joe Olivieri is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** this 26th day of March 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE