**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **EDDY BUI, TINA BUI, and EDDY'S FARM, LLC** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL NO. 6:20-CV-00071-ADA-JCM** |
| | § | |
| **CHANDLER COMPANIES, LLC,** | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

Before the Court are: Plaintiffs Eddy Bui, Tina Bui, and Eddy's Farm, LLC's Motions to Dismiss and alternatively, Motions for Summary Judgment (ECF Nos. 18 and 19) and the responses thereto. The Court, having considered the Motions and applicable law, finds that the Motions should be **DENIED**, as discussed below.

## I.  INTRODUCTION

Plaintiffs operate a small poultry farm in Milam County, Texas. Defendant operates a roofing company, organized in Minnesota and based in Colorado, that offers roof repair services to repair hail damage. Plaintiffs first filed this action on October 31, 2019, in the district court of Milam County, Texas. *See* Pls.' Original Pet., ECF No. 1, Ex. A. Defendant attempted to remove the case to Federal Court, which prompted Plaintiffs to dismiss their case and re-file this action in Milam County with an additional non-diverse defendant joined. *See* Pls.' Pet., ECF No. 1, Ex. C. Defendant again removed the case, and this Court denied Plaintiffs' Motion to Remand and dismissed the non-diverse defendant.

This action arises out of a contract dispute resulting from roof repair services Defendant agreed to perform at Plaintiffs' farm. Plaintiffs withdrew from the contract for the roof repair

services and refused to perform under the contract or allow Defendant to perform. Plaintiff brought this action seeking a declaratory judgment that the contract is void and that the liquidated damages clause of the contract is unenforceable *Id.* at ¶12. Defendant has countersued, claiming damages for breach of contract, quantum meruit, and fraud. Def.'s Answer, ECF No. 2 at ¶36–64. Plaintiffs now move to dismiss Defendant's counterclaims of fraud and subsequent damages for breach of contract, or alternatively, for summary judgment on those claims. Pls.' Mot. to Dismiss, ECF No. 18 at ¶1; Pls.' Mot. to Dismiss, ECF No. 19 at 4–5. Defendant has filed responses to both of Plaintiffs' Motions arguing that Plaintiffs' Motions to Dismiss are untimely and that summary judgment should not be granted on those claims. Def.'s Resp. to Pls.' Mot. to Dismiss, ECF No. 23; Def.'s Resp. to Pls.' Mot. to Dismiss, ECF No. 24.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982).

Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v.* Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See* FED. R. CIV. P. 56; *Matsushita*, 475 U.S. at 586.

## III. ANALYSIS

### A. Motion to Dismiss Under 12(b)(6)

First, the Court notes that Defendant is mistaken in its assertion that Plaintiffs' Motions to Dismiss under Rule 12(b)(6) are untimely. Under Rule 12(h)(2) a motion to dismiss for failure to state a claim "may be raised . . . by a motion under Rule 12(c)," as Plaintiffs have done here. FED. R. CIV. P. 12(h)(2); *See* Pls. Mot., ECF No. 18 at ¶3. A party may move for a judgment on the pleadings under Rule 12(c) "[a]fter the pleadings are closed." FED. R. CIV. P. 12(c). Additionally, it is within a court's discretion to consider motions to dismiss under 12(b)(6), even after an answer has been filed. *See Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017) (holding district court did not abuse its discretion in permitting successive motions under Rule 12(b)(6)).

However, it is also within the power of the Court to consider Plaintiff's Motions to Dismiss solely as motions for summary judgment. Under Rule 56(f)(3), a court may, sua sponte, "consider a motion for summary judgment on its own." FED. R. CIV. P. 56(f)(3). Additionally, under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Here Plaintiffs Motion to Dismiss explicitly incorporates documents outside of the pleadings, and Plaintiffs' have also moved for Summary Judgment themselves in the alternative. *See* Aff. of Eddy Bui, ECF No. 19; Pls.' Motion, ECF No. 18 at 2. Furthermore, a court has discretion whether to consider extrinsic material and convert a motion to dismiss to one for summary judgment. *See Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348, 353–354 (7th Cir. 2017); *Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012). Thus, the Court will consider the extrinsic evidence cited by Plaintiffs' Motions to Dismiss and consider Plaintiff's

Motions solely as motions for summary judgment. Plaintiffs' Motions to Dismiss for failure to state a claim are, therefore, **DENIED**.

### B. Fraud Counterclaim

Defendant's counterclaims allege that Plaintiff Eddy Bui perpetrated a fraud against Defendant by misrepresenting that he was authorized to enter agreements on behalf of Eddy's Farm, LLC. Def.'s Answer, ECF No. 2 at ¶55–65. Plaintiffs argue that Defendant has admitted that Eddy Bui was authorized to enter agreements, and therefore, there is no issue of material fact as to whether Plaintiffs Bui committed fraud. Pls.' Mot., ECF No. 18 at ¶5.

The Court finds that Plaintiffs have not sufficiently established that Defendant made this admission. Plaintiffs' Motion to Dismiss cites several admissions and allegations made by Defendant; however, none of these admissions or allegations indicate that Defendant has admitted that Eddy Bui was authorized to enter agreements on behalf of Eddy's Farm, LLC. Pls.' Mot., ECF No. 18 at 3–5. Rather, Defendant has admitted that Eddy Bui signed a contract on behalf of Eddy's Farm, LLC and that Eddy Bui purported that he was authorized to do so. *Id.* There is no admission by Defendant that Eddy Bui was actually authorized to sign. *Id.*; Def.'s Resp., ECF No. 23 at 4.

Additionally, Plaintiffs now claim to have admitted that Plaintiff Bui was authorized to bind Eddy's Farm, LLC. Pls.' Mot., ECF No. 18 at 3. However, while Plaintiffs have admitted that Eddy Bui signed a contract with Defendant, Plaintiffs have also denied that Eddy's Farm, LLC entered into an agreement with Defendant. Tina Bui Resps. to Def.'s Req. for Admis., ECF No. 23, Ex. 3 at 3; Eddy Bui Resps. to Def.'s Req. for Admis., ECF No. 23, Ex. 3 at 3.  The reasonable inference from this denial is that while Eddy Bui did sign a contract with Defendant, Eddy's Farm, LLC is not bound by that contract because Eddy Bui was not authorized to bind

Eddy's Farm, LLC. Therefore, a reasonable trier of fact could find, based on this record, that Eddy Bui was not authorized to bind Eddy's Farm, LLC. Thus, there is a genuine issue of material fact with respect to the fraud claim. Accordingly, Plaintiffs' motion for summary judgment on Defendant's fraud counterclaim is **DENIED**.

### C. Subsequent Damage Counterclaim

Defendant's counterclaims also seek consequential damages resulting from lost work that Defendant would have been able to complete had it not been for the alleged breach of contract by Eddy's Farm, LLC. Def.'s Answer, ECF No. 2 at ¶47–49. Plaintiffs claim that such consequential damages are not available for a breach of contract in this case because such damages are unforeseeable. Pls.' Mot., ECF No. 19 at 4–5.

In Texas, direct damages for breach of contract are recoverable because they are presumably foreseeable as a matter of law. *Henry S. Miller v. Bynum*, 836 S.WW.2d 160, 163 (Tex. 1992). However, lost profits from collateral contracts are generally classified as consequential damages. *Continental Holdings, Ltd. v. Leahy*, 132 S.W.3d 471, 475 (Tex. App.— Eastland 2003, no pet.). Consequential damages are recoverable only when circumstances exist to give the defendant notice that these damages might arise. *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549–50 (5th Cir. 2005).

Plaintiffs admit that Plaintiff Eddy Bui did refer Defendant to another farm, Pham Farms, that also needed roofing repair services. Pls.' Mot., ECF No. 19 at 5. However, Plaintiffs assert that Eddy Bui did not have any contact with any of Defendant's customers, including Pham Farms, regarding Defendant's business. *Id.* Plaintiffs also claim that Eddy Bui did not otherwise discuss other business with Defendant, besides his recommendation of Pham Farms. *Id.* Based on

these facts, Plaintiffs assert that Plaintiffs could not have foreseen any damages resulting from lost business because Plaintiffs were unaware of Defendant's other business. *Id.*

However, Defendant claims that Joe Oliveri, a representative of Defendant, and Plaintiff Eddy Bui discussed a partnership between Defendant and Sanderson Farms, a partner of Eddy's Farms, LLC. Def.'s Resp., ECF No. 24 at 3. Defendant also claims that Joe Olivieri informed Eddy Bui of Defendant's work with other Sanderson partner farms. *Id.* Based on these allegations by Defendant, a reasonable trier of fact could find that Plaintiffs did have notice that Defendant might suffer consequential damages resulting from Plaintiffs' breach of contract. Thus, there is an issue of material fact with respect to the foreseeability of Defendant's subsequent damages. Accordingly, Plaintiffs' motion for summary judgment on the subsequent damages counterclaim is **DENIED**.

## IV. CONCLUSION

Accordingly, it is **ORDERED** Plaintiffs Eddy Bui, Tina Bui, and Eddy's Farm, LLC's Motions to Dismiss are **DENIED**.

**SIGNED** this 17th day of June, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE